■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER JENKINS, Appellant.—Appeal from the judgment of the Supreme Court, Bronx County (Howard Goldfluss, J.), rendered December 3, 1979, is held in abeyance, and the matter remanded to the Supreme Court, Bronx County, for a hearing for the limited purpose of determining whether the People's peremptory challenges to the composition of the jury had a legitimate basis.

When this matter was before us previously, we determined that with respect to the People's exercise of peremptory challenges, a prima facie case of discrimination was established, calling for the prosecutor to come forward with a neutral explanation for challenging black jurors. *(See, People v Jenkins,* 145 AD2d 225.) We would have remitted for a hearing, but due to "the lapse of some nine years since the trial and the improbability of reconstructing the voir dire" *(supra,* at 233), we vacated the judgment and ordered a new trial.

On appeal, it was determined that the matter should be remitted to us as follows: "Because the Appellate Division's decision was made on the law and it does not appear that the court exercised its factual review powers, the case should be remitted to the Appellate Division for determination of the facts (CPL 470.25 [2] [d]; 470.40 [2] [b]). If on such review, the Appellate Division determines that the judgment of conviction should be affirmed, it should remit to Supreme Court for a

hearing to afford the People an opportunity to establish non-pretextual race-neutral explanations for the exercise of their peremptory challenges. If such legitimate explanations are not satisfactorily established, the judgment of conviction should be vacated and a new trial ordered. Should it be determined that the prima facie demonstration of racially motivated exercise of peremptory challenges is satisfactorily rebutted, the judgment of conviction should be amended to show that result." *(People v Jenkins,* 75 NY2d 550, 560.) This was somewhat similar to the thinking of Justice Ross who concurred in part and dissented in part in our earlier decision (145 AD2d, *supra,* at 235).

Accordingly, having otherwise decided to affirm, we now remand to the Supreme Court, Bronx County, so that the People may have an opportunity to establish nonpretextual race-neutral explanations for the exercise of their peremptory challenges. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Smith, JJ.